E-FILED
Friday, 24 April, 2026  03:29:47 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| AUSTON MCLAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-4188 |
| | ) | |
| R WHITEMAN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at FCI Memphis, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges events that occurred while he was detained at Knox County Jail. He alleges that Defendants Whiteman and Damewood transported him from court without securing him in a seatbelt. Plaintiff alleges that he was in a wheelchair at the time because of a previous stroke with a weakened right side of his body. He alleges that Defendants Whiteman and

Damewood caused a motor vehicle accident because they were both on their cell phones while the vehicle was in motion. Plaintiff alleges that Defendants Harlan and May arrived on scene, failed to address his immediate medical needs or investigate the officers' phone use. He alleges that paramedics took him to the hospital. He alleges that he suffered a "neck snap," upper back pain, soft tissue damage, and increased anxiety.

Plaintiff alleges that he received no follow-up medical care. He alleges that Defendants Abernacki and Jean failed to look into his complaints about medical treatment despite promising to do so. He alleges that Defendant Johnson told him the nurse was "no longer here."

Plaintiff states a Fourteenth Amendment claim against Defendants Whiteman and Damewood for subjecting him to dangerous conditions during transport and a Fourteenth Amendment claim for failure to provide adequate medical care against Defendants Abernacki, Jean, and Jane Doe nurse. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018); *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019).

Plaintiff does not have a constitutional right for officials to investigate the vehicle accident. *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015). Defendant Johnson's alleged statement that the nurse was no longer there does not permit a plausible inference that this defendant failed to facilitate medical care or at least requires additional context before the Court can find that Plaintiff states a claim. Plaintiff cannot prevail against high-level administrators just because they may have been in charge, *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), and nothing about his allegations suggests that the alleged constitutional violations resulted from a county policy as to permit a claim against Knox County, Illinois or the Knox County Sheriff's Department. *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978). Plaintiff's allegations do not permit a plausible inference that the John Doe U.S.

Marshals he named as a defendant were personally involved in these events. The Court finds that

Plaintiff fails to state any additional claims.

**IT IS THEREFORE ORDERED:**

1.      **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a Fourteenth Amendment claim against Defendants Whiteman and Damewood for subjecting him to dangerous conditions during transport and a Fourteenth Amendment claim for failure to provide adequate medical care against Defendants Abernacki, Jean, and Jane Doe nurse. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

2.      **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

3.      **The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

4.      **With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

5.      **The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.**

6.      **This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with**

the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.     The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11.     The clerk is directed to terminate Johnson, Harlan, May, Knox County Sheriff's Department, Knox County, Illinois, John/Jane Doe Knox County Officers, and John/Jane Does U.S. Marshals as defendants.

12.     The clerk is directed to attempt service on Defendants Whiteman, Damewood, Abernacki, and Jean pursuant to the standard procedures.

Entered this 24th day of April, 2026.


_s/Sara Darrow_
SARA DARROW
UNITED STATES DISTRICT JUDGE